FILED

OCT 28 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJ

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                ) Case No. 05-31161-C-7
                                     )
THOMAS J. NATURALE and               ) DC No.  RWD-1
SANDRA L. NATURALE,                  )
                                     )
         Debtors.                    )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION TO VACATE STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

#### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

#### Findings of Fact

Debtors filed this voluntary chapter 7 petition on September 8, 2005.

On September 27, 2005, Fred Wright ("movant") filed a



motion, notice, and declaration requesting that this court lift the automatic stay in order to proceed with an eviction action against debtor. The hearing on the motion was set for October 25, 2005. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

On July 19, 2002, debtors entered into a agreement with the movant to rent real property commonly known as 3517 Sue Pam Drive, #A, Carmichael, California. The debtors have failed to comply with the obligations under the lease since July 2005. On July 29, 2005, movant filed an unlawful detainer action, which resulted in a Stipulation and Order that debtors have not complied with. On August 31, 2005, the movant obtained a writ of possession in state court. The eviction process was halted by the filing of the debtor's bankruptcy petition.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective

reorganization. § 362(d)(2).

Because the debtors rent the property and do not own the property, the property is not property of the estate, and hence the debtor has no equity in the property. Therefore the motion will be granted and the movant may proceed with the eviction.

An appropriate order will issue.

Dated: October 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

    On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Thomas and Sandra Naturale
3517 Sue Pam Drive
Carmichael, CA 95608

Joseph Euretig
1540 Jefferson Boulevard
West Sacramento, CA 95691

Susan Smith
7485 Rush River Drive #710-PMB 218
Sacramento, CA 95831

Office of the United States Trustee
United States Courthouse
501 I Street, Suite 7-500
Sacramento, CA 95814

Dated: 10/31/05

_____
Deputy Clerk